UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEY E. CHANDLER,

        Petitioner,                      Case No. 1:08-cv-555

v.                                                           Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

This is a Petition for Writ of Mandamus brought by a state prisoner pursuant to 28 U.S.C. § 1361 *et seq*. The Court has granted Petitioner leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Petitioner's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Petitioner's action be dismissed as frivolous.

**Discussion**

  I. Factual allegations

Petitioner is incarcerated in the Puglsey Correctional Facility. He was convicted in the Muskegon County Circuit Court of assault with intent to commit murder, second-degree murder and two counts of possession of a firearm during the commission of a felony. On November 12, 1996, the trial court sentenced him to concurrent prison terms of fifteen to forty-five years for the assault and murder convictions in addition to two-year terms for each of the felony-firearm convictions.

The body of Petitioner's pleading is composed of a "Stipulation for Security/Special Bond" and a "Memorandum of Law," in which he argues that his detention by the State of Michigan violates United States admiralty law. Petitioner seeks "the issuance of Writ of Madamus against STATE OF MICHIGAN, and to produce the Immediate Release of Secured Party/Sidney Eugene Chandler, III, from the custody of STATE OF MICHIGAN/MICHIGAN DEPARTMENT OF CORRECTIONS, more specifically PUGLSEY CORRECTIONAL FACILITY." (docket #1.)

  II. Merits

Petitioner challenges his incarceration by the State of Michigan. Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361. Petitioner's challenge to the fact or duration of his confinement pursuant to the judgment of a state court only

can be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Petitioner filed a previous habeas corpus action that was dismissed by this Court because it was barred by the one-year statute of limitations. *See Chandler v. Jones*, 1:02-cv-379 (W.D. Mich.).

Moreover, Petitioner may not use a petition for writ of mandamus to circumvent the "second or successive" rule applicable to habeas corpus cases. Under that rule, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). A dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005). Thus, if Petitioner seeks to file a second habeas corpus action challenging his 1994 criminal convictions, he must first seek authorization from the Sixth Circuit.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Petitioner's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Parks v. N.Y.S. Executive*

*Dep't Div. of Parole*, No. 05-CV-4440, 2005 WL 2746663, at *2 (E.D.N.Y. Oct. 25, 2005) (same); *McDonald v. Summers*, No. 3:05 0243, 2005 WL 2249880, at *6 (M.D. Tenn. Sept. 15, 2005) (same).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Petitioner's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  August 28, 2008                              /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).